UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIZABETH ANN CLUBB** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 20-767-JWD-SDJ** |
| **ANDREW M. SAUL**<br>**COMMISSIONER OF SOCIAL SECURITY** | |

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 11, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELIZABETH ANN CLUBB** | **CIVIL ACTION** |
| **VERSUS** | |
| **ANDREW M. SAUL**<br>**COMMISSIONER OF SOCIAL SECURITY** | **NO. 20-767-JWD-SDJ** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Elizabeth Ann Clubb, a retired plastic surgeon, seeks judicial review of a final decision of the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). (R. Doc. 1). Having found all procedural prerequisites met, the Court has properly reviewed Dr. Clubb's appeal. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you… file an action in Federal district court…"). For the reasons given below, the Court **RECOMMENDS** that the decision of the Commissioner be **REMANDED** for further consideration of properly-submitted evidence in accordance with the opinion below.

**I.   PROCEDURAL HISTORY**

Dr. Clubb (also "Plaintiff") filed her application for disability insurance benefits on July 9, 2018, alleging that she became disabled on July 15, 2010. (Tr. 482). Her physical ailments included chronic pain and fatigue, fibromyalgia, lumbar and cervical spine problems, cardiac issues, and a history of breast cancer and chemotherapy. Dr. Clubb's application for benefits was initially denied by the Social Security Administration on October 22, 2018. (Tr. 402). Thereafter, Dr. Clubb filed a written request for a hearing on November 3, 2018. (Tr. 406). A Notice of Hearing was issued

for October 17, 2019 (Tr. 425). After the in-person hearing, the ALJ issued an unfavorable ruling on Dr. Clubb's disability claims on January 10, 2020. (Tr. 9). Dr. Clubb requested review by the Appeals Council, which declined to review. (Tr. 1). The ALJ's decision rested as the Commissioner's final decision when the Appeals Council denied Dr. Clubb's request for review. *See* 20 C.F.R. § 404.981.

## II.   STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether there is substantial evidence to support the findings of the Commissioner and (2) whether the correct legal standards were applied. *Anthony v. Sullivan,* 954 F.2d 289, 292 (5th Cir. 1992); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as less than a preponderance but "more than a mere scintilla." *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan,* 895 F.2d at 1022. The Court may not reweigh the evidence or try the issues *de novo,* nor may it substitute its judgment for that of the Commissioner. *Cook v. Heckler,* 750 F.2d 391, 392 (5th Cir. 1985).

If the Commissioner's decision is supported by substantial evidence, then it is conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000) (quoting 42 U.S.C. § 405 (g)). If, on the other hand, the Commissioner fails to apply the correct legal standards, or fails to provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *See Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

**III.    ALJ'S DETERMINATION**

To qualify for benefits, the claimant must establish that she is disabled within the meaning of the Social Security Act ("SSA"). *Herron v. Bowen,* 788 F.2d 1127, 1131 (5th Cir.1986) (internal citations omitted). The SSA defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Selders v. Sullivan,* 914 F.2d at 618.

The Commissioner (through an ALJ) applies a five-step sequential analysis to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4). First, the claimant must prove she is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b).  Second, the claimant must prove her impairment is "severe" in that it "significantly limits your physical or mental ability to do basic work activities…" 20 C.F.R. § 404.1520(c). At step three, the ALJ must conclude the claimant is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments contained in the Listing of Impairments. *See* 20 C.F.R. § 404.1520(d) (step three of sequential process); 20 C.F.R. pt. 404, subpt. P, app'x 1 (Listing of Impairments). Fourth, the claimant bears the burden of proving she is incapable of meeting the physical and mental demands of her past relevant work.  20 C.F.R. § 404.1520(f).

If the claimant is successful at all four of the preceding steps, then the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity ("RFC"), age, education, and past work experience, that she is capable of performing other work. 20 C.F.R § 404.1520(g)(1). If the Commissioner proves other work exists that the claimant can perform, the claimant is given the chance to prove that she cannot, in fact, perform that work. *Muse*, 925 F.2d at 789.

Here, the ALJ made the following determinations:

A. The claimant last met the insured status requirements of the Social Security Act on December 31, 2015.

B. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of July 15, 2010, through her date last insured of December 31, 2015 (20 CFR 404.1571 et seq.).

C. Through the date last insured, the claimant had the following severe impairments: status post right breast cancer, degenerative joint disease of the lumbar and cervical spine, fibromyalgia (20 CFR 404.1520(c)).

D. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

E. After careful consideration of the entire record, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with the need to avoid all exposure to moving machinery and unprotected heights. The claimant was precluded from climbing ladders, ropes, and scaffolds and was able to engage in occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. She was able to engage in frequent reaching with the dominant right upper extremity.

F. Through the date last insured, the claimant was capable of performing past relevant work as a surgeon. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

G. The claimant was not under a disability, as defined in the Social Security Act, at any time from July 15, 2010, the alleged onset date, through December 31, 2015, the date last insured (20 CFR 404.1520(f)).

## IV. DISCUSSION

Plaintiff advances two arguments in support of her request to reverse the ALJ's decision. First, by excluding evidence submitted after the hearing but before the written decision, the ALJ failed to follow a proper legal standard and to adequately develop the record. (R. Doc. 6 at 5) Second, Dr. Clubb claims that by failing to consider the side effects of multiple medications, the ALJ erred in determining Dr. Clubb's RFC to perform her previous work as a plastic surgeon.

(Id. at 8).

    **A.    Evidence noticed 9 days before hearing was improperly excluded; evidence created after the hearing was properly excluded**

        *i.    Timeline of Submission*

The evidence in question falls into two categories based on timing of notice and submission: two sets of medical records from Mary Bird Perkins Cancer Center ("MBP") and its subsidiary Louisiana Hematology Oncology Associates ("LHOA") are medical records from the time of treatment, including the relevant period from 2010 to 2015; and two medical opinions from Doctors Derrick Spell and Chambliss S. Harrod, created after the hearing in November and December 2019.

On October 8, 2019, nine days before the hearing before the ALJ, Plaintiff submitted a letter to the ALJ stating that records from MBP had been requested but not yet received. (Tr. 1425). The first request was made on July 24, 2019, and a reply from MBP was mailed on August 29, 2019, containing only a letter from Dr. Duane Superneau to Dr. Derrick Spell dated October 10, 2013, summarizing a consultation with Plaintiff regarding genetic counseling. (Tr. 1327). Three follow-up requests were sent in August and September (Tr. 1425), with a new response from MBP finally mailed on October 18, 2019, and containing approximately 150 pages of records. (Tr. 191). These records were received by the Commissioner on October 24, 2019. (Tr. 190).

At the hearing, the ALJ questioned why Plaintiff expected a second records request would return more information. (Tr. 350). Plaintiff stated that she had been treated for her breast cancer at MBP for eight months under the care of the Louisiana Hematology Oncology Associates (LHOA) within MBP, and the dearth of records from MBP may be due to administrative error between those two bodies. (Tr. 353). Having been made aware of this possible discrepancy,

6

Plaintiff made a request for records from LHOA on December 5, 2019, and received about 150 pages of records that were submitted to the ALJ on January 1, 2020. (Tr. 37). Around the same time, after the hearing, Plaintiff also submitted the medical opinions from her treating physicians Spell and Harrod. (Tr. 26; 30).

    *ii.    Applicable Law*

Submission of evidence to an ALJ is governed by 20 CFR 404.935, which reads:

> (a) When you submit your request for hearing, you should also submit information or evidence as required by § 404.1512 or any summary of the evidence to the administrative law judge. Each party must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence, as required in § 404.1512, no later than 5 business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider or obtain the evidence, unless the circumstances described in paragraph (b) of this section apply.
> (b) If you have evidence required under § 404.1512 but you have missed the deadline described in paragraph (a) of this section, the administrative law judge will accept the evidence if he or she has not yet issued a decision and you did not inform us about or submit the evidence before the deadline because:
>   (1) Our action misled you;
>   (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>   (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
>     ...
>   (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

20 C.F.R. § 404.935.

In his written decision, the ALJ declines to admit all four pieces of additional evidence. He explains the requirements of 20 CFR 404.935(b) were not met because there was no motion for submission or explanation for missing the deadline. (Tr. 12). Plaintiff concedes that this may be true of the medical opinions created and submitted after the hearing. (R. Doc 6 at 7). Indeed, as the Commissioner argues, these opinions were not timely submitted or noticed per 20 CFR 404.935(a). (R. Doc 12 at 6). Furthermore, Plaintiff does not argue that these opinions fall within

7

an exception under subpart (b). Thus, admission of this evidence was at the sole discretion of the ALJ, and the two medical opinions were properly excluded from the record.

The ALJ erred, however, in stating that there was no explanation for late submission of the records from MBP. Based on the letter in the record informing the Commissioner that Plaintiff was still waiting for records after several follow-ups, as well as the ALJ's acknowledgement of that letter during the hearing, it is clear that the Commissioner was sufficiently informed of the records from MBP before the five-business-day period required in subpart (a). Plaintiff asserts that the records from LHOA obtained after the hearing are covered by the October 8 letter informing the Commissioner of the late records, as LHOA is an office within MBP.

The Commissioner does not contest Plaintiff's arguments for admission of the records from MBP and LHOA, addressing only the proper exclusion of medical opinions created and submitted after the hearing. Because Plaintiff informed the Commissioner of the records from MBP and its contained office LHOA no later than five business days before the hearing, these two submissions of evidence were improperly excluded. *See DeGraff v. Comm'r of Soc. Sec.*, 850 F. App'x 130, 132 (2d Cir. 2021) (holding that ALJ erred in refusing to admit evidence after the hearing when gaps in the record were sufficient notice of forthcoming records). Improper exclusion of evidence requires remand to the ALJ for consideration of the excluded evidence. *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010).

**B.    The ALJ's opinion adequately addresses any side effects of medications indicated in the record**

Plaintiff claims the ALJ committed reversible error by failing to consider side effects from Plaintiff's medications in determining her RFC. (R. Doc. 6 at 8). As Plaintiff notes, SSR 96-8P requires an RFC assessment contain a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence," and that the assessment

8

"must be based on all relevant evidence in the record, such as ... side effects of medication." This language does not require that an ALJ speculate about side effects for all medications when a claimant does not complain of side effects.

As discussed in the Commissioner's brief, the record repeatedly shows that Plaintiff reported no adverse side effects from her medication. (R. Doc. 12 at 11). At the hearing, Plaintiff discussed her pain and energy levels during the relevant time period, saying she was often tired, only sometimes having the energy to shop or work in her yard, but she did not attribute this fatigue to her medication. (Tr. 378); indeed, she said she would feel okay enough to do things when she took her pain medication. The ALJ directly asked about side effects from any medications Plaintiff was taking during her period of claimed disability, and she mentioned only painful muscles, numbness and tingling, and cognition problems. (Tr. 379). The ALJ addresses pain in his assessment, noting a discrepancy between Plaintiff's reported symptoms and the record. (Tr. 20). Conflicts in the evidence are for the Commissioner, not the courts to resolve. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

The other side effects mentioned in the hearing are not so pervasive in the record as to warrant discussion, and Plaintiff does not raise them in this appeal. Plaintiff's brief does suggest that side effects of her narcotic painkillers should have been considered, but Plaintiff pointed to no specific evidence of these side effects in the record or the hearing. Fifth Circuit case law establishes that a claimant's subjective complaints must be corroborated by objective medical evidence. *See Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1991) (stating that it was proper for ALJ to weigh subjective complaints of pain against objective evidence). Plaintiff's testimony about side effects at the hearing alone was not enough to establish that the ALJ should have explicitly addressed side effects of medication in his RFC assessment. *Eovaldi v. Astrue* 729 F.Supp.2d 848, 862 (S.D. Tex.

9

2010). Thus, the ALJ did not err in failing to further analyze side effects from medication in his RFC assessment.

## A. CONCLUSION

For the reasons given above, the Court **RECOMMENDS** that the decision of the Commissioner be **REMANDED** for further consideration of all properly submitted evidence in accordance with this opinion.

Signed in Baton Rouge, Louisiana, on March 11, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**